Lieutenant Colonel Joseph Dussia, Plaintiff, *v.* Colonel James D. Barger, Commissioner of the Pennsylvania State Police, and Major Sidney C. Deyo, Captain Earl O. Bergstrom and Captain Stanley B. Kramer, Members of the Court-Martial Board, Defendants.

168

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Bruce E. Cooper,* with him *Cooper, Friedman & Friedman,* for plaintiff.

*Benjamin Lerner,* Deputy Attorney General, with him *J. Andrew Smyser,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, September 26, 1973:

The plaintiff in this equity suit is Joseph Dussia, a Lieutenant Colonel of the Pennsylvania State Police, and the defendants are Colonel James D. Barger, Commissioner of the State Police and the members of a Court-Martial Board appointed by the Commissioner to hear charges against the plaintiff. The complaint seeks, *inter alia,* an order enjoining the conduct of the court-martial on the principal grounds that (1) the Commissioner has prejudged the matter against the plaintiff precluding a fair and impartial consideration of his case, and (2) the laws of the Commonwealth and the

regulations of the Commissioner on the subject of court-martials are such that a fair trial is impossible and therefore do not provide due process. The defendants have filed a responsive answer to the complaint. The plaintiff then filed a motion for judgment on the pleadings pursuant to R.C.P. 1034 which is now before us for disposition.

Where judgment is sought on the pleadings the allegations of the complaint which have been denied must be treated as untrue and the averments of the answer must be taken as admitted. *Cary v. Lower Merion School District,* 362 Pa. 310, 66 A. 2d 762 (1949). A motion for judgment on the pleadings should be granted only in a case free from doubt and when it is evident that no meritorious defense has been raised in the pleadings. *Layman v. Continental Assurance Co.,* 416 Pa. 155, 205 A. 2d 93 (1964); *Eckborg v. Hyde-Murphy Co.,* 442 Pa. 283, 276 A. 2d 513 (1971). Judgment on the pleadings should not be entered where there are unresolved issues of fact. *Boulton v. Starck,* 369 Pa. 45, 85 A. 2d 17 (1951). These principles applied to the pleadings in this case require that the plaintiff's motion be refused.

The averments of the Complaint which are admitted and the denials of the answer which we must accept as true establish the following facts pertinent to the present motion: That on July 11, 1973 the defendant Barger, during a telephone conversation, told the plaintiff Dussia that he, Barger, believed that certain evidence, presumably of wrongdoing,[1] against Dussia was strong and advised Dussia to resign from the State Police to avoid embarrassment to himself and to the Force which a court-martial would cause; that on July 11, 1973, pursuant to regulations, the defendant Barger

---

[1] The complaint does not reveal the charges or what provisions of the regulations the defendant allegedly violated.

appointed a Disciplinary Board to consider the evidence; that on July 13, 1973, the Disciplinary Board reported that sufficient cause to support the institution of court-martial proceedings against the plaintiff existed; that on July 17, 1973, the plaintiff was suspended without pay from his position with the State Police; that on July 18, 1973, Barger advised Dussia that a court-martial would be convened on August 6, 1973;[2] that the members of the Court-Martial Board were selected by Commissioner Barger and are junior in rank to the plaintiff; and that Commissioner Barger has in fact not determined that the plaintiff is guilty of any offense.[3]

The plaintiff urges first that the facts just detailed establish a sufficient basis for a determination that Commissioner Barger has prejudged the instant cause against the plaintiff and has appointed members of the Board similarly inclined, whose recommendations he could not impartially review. He develops the Commissioner's alleged prejudice from the latter's evaluation of the evidence against the plaintiff as strong and the Commissioner's advice that the plaintiff resign. It appears to us not at all unnatural that the Commissioner of the State Police should have some knowelge of the evidence supporting charges against an officer holding the rank of Lieutenant Colonel, nor does the possession of such knowledge, we believe, establish the inability of the Commissioner to be impartial in the review of a court-martial's recommendation based on all of the evidenced produced at an adversary hearing. Further,

_____

[2] The Court-Martial Board, on application of the plaintiff continued the hearing until August 20, 1973 and we, on August 16, 1973, stayed the hearing until a time ten days after the delivery to the plaintiff of transcribed notes of extensive depositions of witnesses taken by him.

[3] This fact is established by the defendants' denial of the plaintiff's allegation to the opposite effect.

the pleadings, as we must view them on this motion establish that in fact the Commissioner has made no determination as to the plaintiff's guilt.

The plaintiff's second attack is on the statutes and regulations, which he contends deny him the opportunity of a fair trial before an impartial tribunal because, as he puts it, the Commissioner is prosecutor, judge and jury.

Prior to 1937 there were no statutory provisions of law concerning tenure of members of the Pennsylvania State Police. These state employes were, therefore, subject to removal at the pleasure of the Commissioner, the appointing authority, in accordance with the common law rule. *Ruch v. Wilhelm,* 352 Pa. 586, 43 A. 2d 894 (1945). The Act of June 29, 1937, P. L. 2436, amended Section 711 of the Administrative Code, 71 P.S. §251, by conferring upon the Commissioner the power to make rules and regulations prescribing qualifications prerequisite to, or retention of, membership in the Force and for the filing and hearing of charges against such members. Pursuant to this authority the Commissioner adopted a rule which provided that no member should be discharged, reduced in rank or lose pay except by order of the Commissioner, or pursuant to sentence of court-martial approved by the Commissioner. The holding of *Ruch v. Wilhelm,* supra, was that under Section 711, as thus amended, and the mentioned rule, the Commissioner retained the right to dismiss a member without the filing or hearing of charges against him by a court-martial. By the Act of July 25, 1963, P. L. 275, Section 711 was further amended to provide that before an enlisted member might be dismissed, the Commissioner should furnish him a detailed written statement of the charges and notice of a time and place where he might be heard before a Court-Martial Board appointed by the Commissioner. The amendment also provided, however, that the Com-

missioner might, "in his discretion, follow or disregard the recommendations of the Court-Martial Board." As pointed out by President Judge BOWMAN of this Court while a Judge of the Court of Common Pleas of Dauphin County, in *Pennsylvania State Police v. Weichman,* 86 Dauphin 323 (1966), the Act thus written provides on the one hand that no action shall be taken against a member except by court-martial, and on the other that the Commissioner may in his discretion, follow or disregard the recommendations of the court-martial, with the possibility that, despite the extensive changes made by the 1963 amendment, the law remained as it had been construed to be in *Ruch v. Wilhelm,* supra. Judge BOWMAN, we believe, properly resolved this difficulty by construing the amendment to mean that the Commissioner in exercising his discretion to disregard the recommendations of the Board must act within the boundaries of the record made by the court-martial and not for some purely subjective or personal reasons outside that record. This construction, together with the right to appeal the Commissioner's action to this court whose duty it is to overthrow the Commissioner's action if he has disregarded the record, provides the opportunity for the fair hearing required as a part of due process. As noted, the Legislature could have adhered to the common law rule of dismissal at the pleasure of the Commissioner. To approach the statute with an eye to discover therein latent opportunities for unfair treatment of members of the Force would be contrary to our duty to uphold the enactment if possible.

We do not agree that the legislation and the Commissioner's regulations cast the Commissioner in the role of prosecutor, jury and judge. The statute confers upon the Commissioner the power to adopt regulations for the filing and hearing of charges against members. Obviously this power is limited by the provisions requiring hearings by a court-martial, described in con-

siderable detail in the statute. The regulations indeed enlarge upon the statute's protections by their requirement that charges be first submitted to a Disciplinary Board for review and recommendations before a court-martial may be convened. Neither the statute nor regulations cast the Commissioner in the role of prosecutor. He is, until required to review the court-martial record and recommendation, the administrator of a system designed to test those charges. His appointment of members of the Disciplinary Board established by regulations and of the Court-Martial Board required by the Administrative Code, no more makes him a proponent of the accusations against the member, than does the appointment by the Supreme Court of the members of the Disciplinary Board of the Supreme Court of Pennsylvania make that Court a prosecutor of complaints against members of the Bar.[4] Nor does the Commissioner have fact-finding functions. He reviews the reports and recommendations of the Disciplinary Board and the court-marital; he does not participate in making the record or findings. Finally, the Commissioner's power on review of the court-martial report is not unfettered but limited, as we construe the statute, to action which by reference to the record is neither a flagrant abuse of discretion nor a purely arbitrary exercise thereof. In sum, Section 711 of the Code and the regulations complained of by the plaintiff, contrary to his contention, do not provide an unfair, and thus an unconstitutional means of hearing and acting upon alleged causes for dismissal of members of the State Police. Commissioner Barger's capacity here is quite different from that of the board of censors in *Schlesinger Appeal,* 404 Pa. 584, 172 A. 2d 835 (1961),

---

[4] Title 204—Supreme Court Rules, Supreme Court Rules Docket No. 1, No. 21. Title 204, while more sophisticated than Section 711 of the Administrative Code, provides essentially the same procedures.

174

or of the member of the Fire Board in *Gardner v. Repasky,* 434 Pa. 126, 252 A. 2d 704 (1969), or the Borough Solicitor in *Donnon v. Downingtown Civil Service Commission,* 3 Pa. Commonwealth Ct. 366, 283 A. 2d 92 (1971). It does not here appear that the Commissioner inspired the charges against the plaintiff; he is not participating in the hearing of the charges; and his function on review is limited to nonarbitrary action founded on the record.

While on a petition for judgment under R.C.P. 1034, judgment may be given for the nonmoving party, we cannot do so here. There remains for resolution the plaintiff's allegations of other statements by defendant Barger, denied by the latter, suggesting actual bias against the plaintiff's cause.

The case of the plaintiff being far from clear for the reasons stated, his motion for judgment should be and is hereby refused.