Lieutenant Colonel Joseph Dussia, Plaintiff, *v.* Colonel James D. Barger, Commissioner of the Pennsylvania State Police, and Major Sidney C. Deyo, Captain Earl O. Bergstrom and Captain Stanley B. Kramer, Members of the Court Martial Board, Defendants.

572

Argued February 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Bruce E. Cooper,* with him *Cooper, Friedman & Friedman,* for plaintiff.

*J. Andrew Smyser,* Deputy Attorney General, with him *Benjamin Lerner,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, May 24, 1974:

Joseph Dussia, a Lieutenant Colonel of the Pennsylvania State Police under suspension, has brought this action in equity against James D. Barger, Commissioner of the State Police and the members of a Court-martial Board appointed by Barger, seeking a decree enjoining the defendants from convening and conducting a court-martial, the subject of which would be certain charges against the plaintiff and issue of which would be whether the plaintiff should be discharged, demoted or restored to duty at his present rank.

The plaintiff sought a preliminary injunction which, after hearing, was denied. The plaintiff filed a motion for judgment on the pleadings pursuant to Pa. R.C.P. No. 1034. This was also denied.

We conducted a hearing on the merits of the plaintiff's application for permanent relief, staying the court-martial pending our disposition of the case. The parties have filed requests for findings of fact and conclusions of law and we have heard argument *en banc.*

The plaintiff's complaint advances a number of reasons why he should not be subjected to court-martial. Those still before us are: (1) that Section 711 of the Administrative Code, Act of April 9, 1929, P. L. 177, as amended, 71 P.S. §251, providing that members of the State Police should be given the opportunity to be heard by court-martial before being dismissed from the Force and the rules and regulations of the Com-

missioner on the subject are such that a fair trial is impossible, and that therefore said law and regulations do not provide due process and are unconstitutional, (2) that the defendant Barger, who, as Commissioner, will review the recommendation of the Court-martial Board and take final action in the plaintiff's case has decided that he, Dussia, is guilty of the charges against him, (3) that the members of the board are his juniors in rank and will have an interest in his discharge from the service, and (4) that he was suspended without pay and without a hearing.

At the hearing on the merits the plaintiff amended, without objection, his complaint to include a charge of the defendant members of the Court-martial Board were prejudiced against him because of past relationships.

The contention advanced by the plaintiff that the Act and the rules and regulations of the Commissioner are unconstitutional was fully considered when we considered and refused the plaintiff's motion for judgment on the pleadings, and our reasons for rejecting the motion were fully explained in our opinion then made, which is reported in *Dussia v. Barger*, 10 Pa. Commonwealth Ct. 167, 309 A. 2d 607 (1973). We have, as plaintiff requests, given further consideration to the subject and reaffirm our holding.

We further reject, as being without relevance as a cause for enjoining the court-martial, the plaintiff's contention that he was not legally suspended because not afforded prior notice or hearing.

The remaining asserted grounds for relief are the defendant Barger's alleged pre-judgment that the plaintiff is guilty of the charges against him, that all of the members of the Court-martial Board are junior to plaintiff in rank and therefore have an interest in his discharge from the service and that certain of the

members of the Board are prejudiced against him because of prior relationships.

The defendant, Barger, was appointed Commissioner of the Pennsylvania State Police on January 2, 1973. The plaintiff has been a member of the Pennsylvania State Police since 1938. The plaintiff and the defendant were closely acquainted as fellow state police officers and friends from about the year 1965.

Immediately prior to January 15, 1973, the plaintiff was Deputy Commissioner of the Pennsylvania State Police.

On January 15, 1973, the plaintiff was removed as Deputy Commissioner by the Governor of Pennsylvania, and on that date the plaintiff accepted voluntary reduction in rank from Deputy Commissioner to Lieutenant Colonel without reduction of salary. On the same day he was assigned as Field Commander of the Pennsylvania State Police with headquarters in Harrisburg.

On February 8, 1973, the plaintiff was removed from the position of Field Commander and assigned as Regional Commander of Troops, with duty station at Punxsutawney, Pennsylvania. It was at about this time that an investigation into the conduct of a promotional examination given members of the Force suggested the possible involvement of Dussia in providing the answers to multiple choice questions to some examinees. On June 14, 1973, the plaintiff's salary was reduced by the amount of 5%, his resulting pay being, however, the highest salary provided for Lieutenant Colonels of the State Police.

On July 10, 1973, the plaintiff composed a letter to the defendant which he caused to be delivered to the defendant's apartment in Harrisburg the same day. We are not told the contents of this letter but it seems to have been concerned with a personal matter and something other than the investigation of the exam-

ination and Dussia's possible involvement. Partially in response to this letter, the defendant called the plaintiff by telephone on either July 11 or July 12, 1973. During the course of this conversation the defendant, Barger, said to the plaintiff, Dussia, that the latter should resign from the Pennsylvania State Police to save embarrassment to himself, his family and the State Police Force; that there were in the possession of the State Police statements of persons concerning apparently improper actions of the plaintiff; that the case didn't look good for the plaintiff or was strongly against him; and that if the matter were to be pursued that he, Barger, as Commissioner, would be required to "call it as I see it." During this conversation there was also a discussion concerning a Colonel Conti's testimony at another court-martial proceeding to the effect that Dussia had knowledge that the sequence of examination questions had been changed which would substantiate Dussia's contention that he did not provide answers because to do so would have been useless or harmful to persons taking the examination.

The evidence also reveals that the plaintiff Dussia had been the superior officer of the defendants Bergstrom and Kramer, two members of the court-martial, and that he had had occasion to comment to them on what he considered inadequacies in their performance of duty. These incident, however, played no part in the appointment by Commissioner Barger of these officers to the Court-martial Board.

The foregoing recital which represents our findings of the essential facts concerning the crucial telephone conversation and which conforms to the defendant's version differs from the plaintiff's account in two respects only. The plaintiff testified that Barger said "we have the goods on you" instead of the admitted description that the case against the plaintiff appears

to be strong. The plaintiff also testified that Barger declared his disbelief of Colonel Conti's testimony that the plaintiff had knowledge that the multiple choice questions had been scrambled.

We credited the defendant's version of the conversation for several reasons. First, it was corroborated by Lieutenant Colonel Roy O. Wollendorf who was present in Colonel Barger's office at the latter's invitation to witness Colonel Barger's statements. Second, the plaintiff's interest in avoiding the court-martial was clearly greater that Colonel Barger's interest in securing the plaintiff's resignation. Third, it seems improbable that Colonel Barger would, in a conversation partially devoted to personal matters, direct such a harsh phrase as "we have the goods on you" to his old friend or that, in view of his position on the Force and in the face of impending litigation in which he would play the final role, Colonel Barger would tell the defendant, an experienced officer, that he, Barger, would not believe the testimony of a prospective witness. Finally, we find no motive, and none is suggested by the plaintiff, for Colonel Barger's hostility to the plaintiff's claim to innocence or to his defense to the charges against him. We find in Colonel Barger's statements only an effort to apprise the plaintiff that there was evidence against him and to suggest that resignation should be considered. The unrebutted evidence is that this was common practice in the Force, well known to the plaintiff.

We also note Colonel Barger's assertion that he has not formed an opinion of the plaintiff's guilt or innocence of the charges which will be before the court-martial.

The plaintiff's contention that we should enjoin the court-martial because the plaintiff had in the past criticized unfavorably the performance of two members of the Board is no ground for enjoining the pro-

578

ceedings. The Commissioner's rules of procedure provide for challenges on the ground of prejudice for this and other causes. The further argument that the members would be impelled to recommend discharge because that might enhance their chances of promotion is equally without merit. In the case of Lieutenant Colonel Dussia, its acceptance would disqualify every member of the Force except the Commissioner himself. Further, this contention and any argument in elaboration of it can also be made the subject of challenges of the members of the board. The action of the board on such challenges would be subject to the Commissioner's and eventual judicial review.

Having disposed of all of plaintiff's contentions based both on the law and fact we make the following

### FINAL ORDER

AND NOW, this 24th day of May, 1974, it is ORDERED, ADJUDGED and DECREED that judgment be and it hereby is entered in favor of the defendants and against the plaintiff and that the plaintiff's complaint be and it is hereby dismissed.