James L. McCann, Appellant, *v.* Commonwealth of Pennsylvania, James D. Barger, Commissioner, Pennsylvania State Police, Appellees.

128

Argued December 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, Jr., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Wallace C. Worth, Jr.,* with him *Jeffrey R. Dimmich,* and *Worth & O'Hara,* for appellant.

*J. Andrew Smyser,* Deputy Attorney General, with him *Benjamin Lerner,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 16, 1975:

In *McCann v. Barger,* 11 Pa. Commonwealth Ct. 517, 314 A. 2d 35 (1974), we held that the action of the Commissioner of the Pennsylvania State Police, reducing in rank Lieutenant James L. McCann (McCann) by a personnel order, without court-martial, was contrary to Section 205 (e) of The Administrative Code of 1929, *as amended,* Act of April 9, 1929, P.L. 177, 71 P.S. §65 (e) (Supp. 1974-1975). We remanded the record to the Commissioner for such further action in compliance with law as the Commissioner should deem appropriate.

On January 28, 1974, the Commissioner named a three-officer Court-Martial Board and, on January 30, 1974, McCann was served with the following "Charge and Specifications" constituting the basis of the court-martial preferred against him:

"PRÈFERRED AGAINST:

   James L. McCann
   Troop "S"
   Milesburg, Pennsylvania

"DATE PREFERRED:

   25 January 1974

"CHARGE:

   It is charged that James L. McCann does not lawfully and properly hold the rank of Lieutenant and that his lawful and proper rank is that of Trooper.

"SPECIFICATION 1:

   On February 10, 1971, James McCann's lawful and proper rank was that of Trooper.

"SPECIFICATION 2:

   On February 9, 1971, by Personnel Order 71-3, effective February 11, 1971, James McCann was promoted temporarily to the rank of Sergeant.

"SPECIFICATION 3:

Personnel Order 71-3 specified that this promotion to the rank of Sergeant was for the duration of James McCann's assignment to the Executive Service Section and that James McCann was to return to his permanent rank for future assignments at the completion of his service in the Executive Service Section. Personnel Order 71-3 stated that James McCann's permanent rank was the rank he held on February 10, 1971.

The Order also stated that James McCann would be eligible for promotion to the rank next higher than his permanent rank in accordance with existing regulations.

"SPECIFICATION 4:

At the time of the October 29, 1971 Promotional Examinations, James McCann was eligible to compete for promotion to the rank of Corporal under Pennsylvania State Police Administrative Regulation 4-9, 9.02 Promotions Eligibility. He was not eligible for promotion to any rank higher than that of Corporal.

Section 9.02 provided as follows, as of October 29, 1971:

A. *Trooper to Corporal*: A trooper will be eligible to compete for promotion to Corporal only if he has completed four years of service before or during the month of the written examination.

B. *Corporal to Sergeant*: All Corporals are eligible to compete for promotion to Sergeant, provided that any individual who has less than one year of service as a Corporal will not become eligible for appointment to the rank of Sergeant until he achieves one year of service as a Corporal.

C. *Sergeant to Lieutenant*: All Sergeants are eligible to compete for promotion to Lieutenant. Any individual, however, who has less than one year of service as a Sergeant will not become eligible for appointment to the rank of Lieutenant until he achieves one year of service as a Sergeant.

The contents of Section 9.02 have not been changed to the present.

"SPECIFICATION 5:

In disregard of the cited regulations, James Mc-Cann competed in the October 29, 1971, Promotional Examinations for promotion to the rank of Lieutenant.

"SPECIFICATION 6:

On September 15, 1972, James McCann was promoted to the rank of Lieutenant, in disregard of the cited regulations.

"CHARGE PREFERRED BY:

J. C. Hileman, Major"

Following a court-martial hearing on March 4, 1974, McCann was found guilty, on March 5, 1974, of all specifications and as charged. The Court-Martial Board recommended to the Commissioner that McCann be reduced to the rank of Trooper. The Commissioner reviewed and upheld this recommendation and, by Personnel Order 74-4A under date of March 13, 1974, reduced McCann to the rank of Trooper in the Pennsylvania State Police, effective midnight, March 15, 1974. McCann appealed from Personnel Order 74-4A, and we reverse.

Initially, we note that the charge and specifications do not contain any allegation or suggestion that there was any impropriety or misconduct on the part of McCann. Prior to taking any testimony at the court-martial hearing, the presiding officer of the Court-Martial Board stated that he did not interpret the charges against Mc-

Cann to encompass any misconduct on McCann's part. Counsel for the Commissioner, in argument here, did not take a contrary position.

Next, we reject McCann's challenge to the court-martial procedure as a deprivation of his constitutional rights, for the reasons expressed in *Dussia v. Barger*, 10 Pa. Commonwealth Ct. 167, 309 A. 2d 607 (1973), which decision is dispositive of the same issue raised here.

In *Luchansky v. Barger*, 14 Pa. Commonwealth Ct. 26, 321 A. 2d 376 (1974), we discussed our scope of review in cases of this nature and stated:

"Despite the trappings of a criminal case with which State Police Court-Martial proceedings are invested by the Commissioner's regulations, the cause remains administrative in nature; it is simply the means by which a possible personnel action affecting the member of the Force charged with wrongdoing is determined. As the appeal to us is taken in accordance with the Administrative Agency Law, our review must be as that Act requires. We must therefore determine whether the findings of appellants' guilt are supported by substantial evidence. Act of June 4, 1945, P.L. 1388, §44, 71 P.S. §1710.44." 14 Pa. Commonwealth Ct. at 35, 321 A. 2d at 380-81.

Here the thrust of the Commissioner's specifications is that McCann was not promoted to the rank of Lieutenant in accordance with existing regulations. We agree. However, it does not follow, on this record, that McCann does not lawfully and properly hold the rank of Lieutenant.

First, we must note, and commence our analysis with, Specification 3. Personnel Order 71-3 stated that McCann's permanent rank was the rank he held on February 10, 1971 which admittedly was the rank of Trooper. Therefore, the provisions of Section 9.02 of the existing regulations, as set out in Specification 4, require that a trooper compete for a promotion to Corporal. A trooper

is restricted as ineligible to compete for promotion to Lieutenant by Section 9.02.

Since McCann was never eligible for promotion to Lieutenant under the procedures of the administrative regulations of the Pennsylvania State Police, we agree with Specification 6 which reads, "On September 15, 1972, James McCann was promoted to the rank of Lieutenant, in disregard of the cited regulations."

However, we cannot end our consideration at this juncture but we must consider this record and Section 9.01 (D) of the applicable regulations which reads, "Promotion to all ranks or positions within the State Police shall be determined by the Commissioner under the procedures of this regulation *or any other system he shall deem necessary to effect the proper administration of the State Police.*" (Emphasis supplied.)

In this appeal the Commissioner contends that *no other system* existed to effectuate promotions. This record refutes such a contention. Personnel Order 71-3 under date of February 11, 1971 promoted McCann from Trooper to Sergeant, contrary to the provisions of Section 9.02. The Commissioner asserts that McCann was only a temporary sergeant but the regulations do not provide for the rank of Temporary Sergeant.

The Commissioner does not question McCann's promotion to Temporary Sergeant but only his promotion to Lieutenant. Understandably, the Commissioner takes this position because, as this record discloses, it has been the past and present policy of the Commissioner to promote certain members of the State Police, contrary to the regulations, where the Commissioner deems such promotions necessary to effect the proper administration of the State Police.

Here the examples of record are those promotions involving men placed on special assignment to the Executive Service Section. These are men entrusted and charged with the awesome responsibility of transport-

ing and protecting the chief executive officer of this Commonwealth. These men are charged with like responsibilities relative to the Lieutenant Governor.

Further examples of record are those promotions involving men serving in the capacity of aides to the Commissioner. Personal security of high-ranking officials is not uncommon or unneeded in today's society. This highly sensitive work requires men willing and able to perform unique duties and work extra and often inconvenient hours.

Likewise, this record discloses promotions, contrary to the provisions of the regulations, for reasons of promoting race relations and one promotion to the rank of Lieutenant Colonel where the individual so promoted had not even attended the Pennsylvania State Police Academy.

It would not surprise anyone serving in a rank-oriented organization that the head of the organization possessed certain privileges and prerogatives that he could exercise for the good of the order. Here, Section 9.01(D) expressly provides for and authorizes the Commissioner's making promotions to *all* ranks as he shall deem necessary to effect the proper administration of the State Police.

This record contains the direct testimony of former Commissioner Urella that he promoted McCann from Trooper to Sergeant and again from Sergeant to Lieutenant because he saw fit to do so and that he had the authority under Section 9.01(D) to regulate and make promotions. Former Commissioner Urella testified that he believed that this section gave him the authority to "promote a person whom I thought could better serve the administration of the State Police" and that he could promote to any rank under the authority given the Commissioner. On September 15, 1972, Commissioner Urella did promote McCann to the rank of Lieutenant for the expressed reason that he determined that McCann could

better serve the administration of the State Police as a lieutenant.

While we might question his judgment in doing so or be of the view that any promotion contrary to the provisions of the regulations was inadvisable, nevertheless, we do conclude that the Commissioner, as the leader of the State Police, has been given the authority by Section 9.01(D) to determine promotions.

The Commissioner argues that the examples of record of promotions contrary to the regulations did not comprise a system but only infrequent promotions that are not relevant here. The word "system" which at first seems troublesome when considering the alternative to the procedures of the regulations, simply means a procedure, method, or practice which the Commissioner shall deem necessary. The regular practice of promoting, contrary to the regulations, those assigned to the Executive Service Section, or serving as aides of the Commissioner, coupled with the practice, on infrequent occasions, of promoting for considerations of proper administration of the State Police, constitutes a system of promotion deemed necessary by the Commissioner.

If the Commissioner should not have such power, then the regulations should be changed. If the Commissioner should abuse his power to the detriment of the morale of the State Police, his removal is a matter for the Governor at whose will he serves. Properly, these are considerations that are not of our province.

We can only conclude that, under Section 9.01(D), the Commissioner has the authority to promote members of the State Police to any rank and that, where a practice or system of promotions contrary to the regulations prevails, the Commissioner may determine promotions that he alone deems necessary to effect the proper administration of the State Police.

Therefore, it follows that former Commissioner Urella's promotion of McCann to Lieutenant on Septem-

136

ber 15, 1972 was lawful and proper, the court-martial charge against him was not proved, and he is entitled to retain his rank of Lieutenant.

Accordingly, we enter the following

ORDER

Now, this 16th day of January, 1975, Personnel Order 74-4A of the Commissioner of the Pennsylvania State Police, reducing James L. McCann from the rank of Lieutenant to the rank of Trooper in the Pennsylvania State Police, is hereby reversed, and James L. McCann is hereby ordered restored to the rank of Lieutenant, with back pay for the compensation differential loss resulting from his reduction in rank to that of Trooper at midnight on March 15, 1974.