Carl M. Allen et al., Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent. J. Roby Backensto et al., Intervening Petitioners.

Argued June 5, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*John R. White,* for petitioners.

*John L. Heaton,* Chief Counsel, for respondent.

*Irving L. Bloom,* for intervening petitioners.

*Harold I. Goodman,* with him *Germaine Ingram,* for Amicus Curiae, Minority Enlisted Members and Applicants of the Pennsylvania State Police.

OPINION BY JUDGE MENCER, August 6, 1980:

One Hundred and five Pennsylvania State Policemen have filed a petition for review in an attempt to invoke both the appellate and original jurisdictions of this Court. They seek to appeal the Pennsylvania State Police Commissioner's refusal, on the ground of untimeliness, to entertain their grievances filed in 1979. They also request us to invoke

our equitable power to grant them relief similar to that afforded ten of their fellow officers in the case of *Roberts v. Wade,* 39 Pa. Commonwealth Ct. 379, 395 A.2d 661 (1978).

The background for this litigation can be summarized as follows: In 1969, the State Police Commissioner instituted the new rank of Crime Investigation Specialist, together with a special training program, and invited state policemen to apply for it. The Petitioners here applied and were admitted to the new program. They were immediately advanced to a pay scale equivalent to that of Corporal and were removed from the normal competitive ranks and restricted to competition for promotion within the Crime Investigation Specialist class series. On March 23, 1972, a new Commissioner of the Pennsylvania State Police, Rocco P. Urella, issued Personnel Order 72-11, the effect of which was to consolidate the former Criminal Investigation Specialist class series with the regular State Police ranks. On September 7, 1972, the Commissioner issued Personnel Order 72-34 which consolidated the former Technical Specialist class series with the regular ranks. Petitioners here are 103 of the 273 Criminal Investigation Specialists and two of the four Technical Specialists who, as a result of these 1972 personnel orders, were demoted to the regular rank they held at the time they were admitted to their respective programs. In August of 1979, the petitioners filed a grievance, to which the present Commissioner responded in writing and stated that the grievance was denied because it was "untimely by several years."

The significant aspect of this case is that it was the personnel orders entered in 1972 that demoted or reverted the petitioners herein to their former ranks in the State Police which constituted the adjudication from which petitioners had a right of appeal, and it was not the responses of the present Commissioner in

August 1979 to grievances filed some 7 years after the adjudication which affected petitioners' rights and privileges. We hold that the personnel orders entered in 1972 were adjudications and that an appeal would be required within 30 days. *See* Section 502(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.502(a), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002 [1443]. A similar provision is now found in the Judicial Code, 42 Pa. C. S. §5571. Since the instant attempt to appeal was filed far beyond the allowable 30-day period, we must enter an order quashing it as untimely.[1]

While the petitioners contend that it is the current Commissioner's denial to hear their grievances, filed in August of 1979, which constitutes the adjudication appealed from here, we are bound by our decisions in *Department of Health v. Schum,* 21 Pa. Commonwealth Ct. 356, 346 A.2d 599 (1975), and *O'Peil v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 470, 320 A.2d 461 (1974). We held in those cases that, where an administrative agency or official refuses to hear the merits of a grievance at all, ruling merely that the grievance procedures are not available to the particular grievant, the action is not an adjudication and therefore not reviewable through appeal; and if the grievant disagrees, believing that the agency or official has a clear duty to hear his grievance, his remedy is in mandamus. Here, the

---

[1] In *Roberts v. Office of Administration,* 30 Pa. Commonwealth Ct. 19, 372 A.2d 1233 (1977), we refused to quash appeals by ten Pennsylvania State Police troopers similarly affected by the personnel orders involved here on the ground that those troopers had "slept on their grievance for over three and a half years." We were not, in *Roberts,* asked to consider the personnel orders of 1972 as adjudications.

Commissioner's response in essence was a refusal to hear the merits of the grievances at all and was merely a ruling that the grievance procedure was not available to the petitioners.[2]

Further, petitioners would be barred in an action brought in our original jurisdiction by the unappealed adjudications of 1972 — namely, the personnel orders which demoted or reverted the petitioners to their former rank of trooper — for the reason that petitioners had an adequate remedy at law which they did not exercise. *Callahan v. Pennsylvania State Police,* 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979).

The personnel orders entered in 1972 terminated petitioners' promotions received in 1970 and demoted them in 1972 to the rank which they formerly held. These orders announced a final determination of the petitioners' personal or property rights and privileges and constituted an adjudication. If the adjudication was reached in an improper manner, the proper procedure to contest it was to file a timely appeal. Those adjudications, resulting from the personnel orders of 1972, cannot be challenged in 1979 by either the initiation of grievance procedures or a collateral attack in our original jurisdiction.[3] *Callahan v. Pennsylvania State Police, supra.*

---

[2] In *Roberts v. Office of Administration, supra,* the Secretary of Administration's letter, denying a hearing to the petitioners in that case, discussed the merits of the claim in detail and purported to dispose of every aspect of the grievance completely and with finality. We therefore treated the letter as an adjudication and properly before us on appeal.

[3] In their August 1979 grievances, petitioners cited the recent promotion of their ten colleagues, by virtue of our holding in *Roberts v. Wade, supra,* as their real grievance. We can readily understand how petitioners would be disappointed that they had not pursued the course followed by the ten police officers in *Roberts,* but we are not of the view that the petitioners here were aggrieved by those promotions. Petitioners' plight, resulting from

Accordingly, we will enter the following

ORDER

AND Now, this 6th day of August, 1980, the petition for review filed by Carl M. Allen and the other 104 named petitioners is hereby quashed.

---

DISSENTING OPINION BY JUDGE CRAIG:

I respectfully dissent. When two claimants have the same substantive right and one ultimately secures enjoyment of it, while the other does not, solely because the later one failed to pursue the remedy in timely fashion, there is no unfair discrimination. Here, however, the status of the claims in this case cannot be substantially distinguished from those to which we granted consideration in *Roberts v. Office of Administration*, 30 Pa. Commonwealth Ct. 19, 372 A.2d 1233 (1977), where the Commonwealth clearly raised an issue as to the claims being 3½ years late. Here only the relative length of the time lapse is different.

---

their decision not to assert their claims for some 7 years, is akin to the fate of the appellants in *Berry v. Unemployment Compensation Board of Review*, 488 Pa. 180, 411 A.2d 1198 (1980).