John R. Blackledge, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania State Police, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Stephen Cohen, Cohen & Protasio,* for petitioner.

*John L. Heaton,* Chief Counsel, for respondent.

OPINION BY JUDGE MENCER, October 9, 1981:

This is an appeal by Trooper John R. Blackledge (petitioner) from an action of the Commissioner of the Pennsylvania State Police in dismissing appellant from the State Police, as recommended by a court-martial board (board). We affirm.

On April 25, 1978, petitioner was charged with several violations of the Pennsylvania State Police Field Regulations. The charges specified that, on April 16, 1978, petitioner (1) assaulted a woman in a public establishment, (2) failed to stop his automobile after becoming involved in an accident, and (3) drove his automobile in a reckless manner while under the influence of alcohol. On May 12, 1978, the Central Regional Disciplinary Board placed petitioner on suspension without pay.

Presumably because of the criminal charges pending against petitioner, a hearing before the Central Regional Disciplinary Board was not scheduled until February 1, 1979. The hearing was further delayed by petitioner's request for a continuance. When the hearing was finally held on March 21, 1979, the Central Regional Disciplinary Board recommended that court-martial proceedings be instituted. After 10 days' formal notice to petitioner, the court-martial board convened on June 1, 1979 to hear the charges against petitioner.

At the court-martial hearing, petitioner's attorney requested a continuance and moved to dismiss on the ground that the board lacked jurisdiction. The board agreed to rule upon the motion to dismiss later that day, but denied the request for a continuance. The petitioner and his attorney then left the hearing, and the proceedings continued without them. After hearing the evidence presented by the Pennsylvania State Police, the board recommended dismissal. On June 21, 1979, the Commissioner of the Pennsylvania State Police affirmed the dismissal of petitioner, and this appeal followed.

Petitioner first argues that the court-martial is invalid because the board lacked jurisdiction by failing to institute proceedings within 90 days of his suspension. In support of this argument, petitioner relies upon a provision in the collective bargaining agreement between the Fraternal Order of Police and the Pennsylvania State Police which establishes that "[a]n officer shall not be suspended without pay for more than 90 days without Court-martial proceedings being instituted, unless the delay is at the request of the officer." While this provision may give petitioner additional rights to compensation under the collective bargaining agreement, it cannot rationally be construed as divesting the board of jurisdiction to court-martial after 90 days.[1]

---

[1] Neither party has suggested that the collective bargaining agreement requires employee dismissal cases to be submitted to arbitration. See *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh*, 481 Pa. 66, 391 A.2d 1318 (1978). The narrow issue before us, *i.e.*, the validity of the court-martial, is thus not a matter to be resolved by the arbitrator; without deciding the issue, we note, however, that the related question of petitioner's right to compensation while under suspension may be arbitrable under the terms of the agreement.

Petitioner next argues that he was denied due process of law by the failure of the Pennsylvania State Police to promptly institute court-martial proceedings after his suspension. As the basis for this argument, petitioner reasons that a court-martial proceeding is analogous to a criminal trial, where the accused must be brought to court within 180 days of the filing of the criminal complaint.[2] In *Luchansky v. Barger,* 14 Pa. Commonwealth Ct. 26, 35, 321 A.2d 376, 380 (1974), this Court ruled, however, that "[d]espite the trappings of a criminal case with which State Police Court-Martial proceedings are invested by the Commissioner's regulations, the cause remains administrative in nature; it is simply the means by which a possible personnel action affecting the member of the Force charged with wrongdoing is determined." Since the petitioner in this case was afforded notice and the opportunity to defend the charges at a fair hearing, we cannot agree that he was denied due process of law. *See Pittsburgh Press Employment Advertising Discrimination Appeal,* 4 Pa. Commonwealth Ct. 448, 287 A.2d 161 (1972), *aff'd,* 413 U.S. 376, *rehearing denied,* 414 U.S. 881 (1973).

Petitioner finally contends that the board abused its discretion by denying his request at the June 1, 1979 hearing for a continuance. It is well settled that the grant or refusal of a continuance rests in the discretion of the court or administrative agency to which the application is made, and its exercise of this discretion will not be reviewed except in clear cases of abuse. *Cotter v. State Civil Service Commission,* 6 Pa. Commonwealth Ct. 498, 297 A.2d 176 (1972). Where petitioner and his attorney had at least 10 days' formal notice of the court-martial hearing and

---

[2] *See* Pa. R. Crim. P. 1100(a)(2).

his attorney based the request for a continuance solely on the need to prepare a defense, we are satisfied that the board did not abuse its discretion in denying the request.

We conclude that the record contains substantial evidence to support petitioner's guilt of wrongdoing which was the basis for his dismissal from the State Police, *see Graci v. Pennsylvania State Police,* 14 Pa. Commonwealth Ct. 630, 324 A.2d 887 (1974), and accordingly enter the following

ORDER

AND Now, this 9th day of October, 1981, the order of the Commissioner of the Pennsylvania State Police, dated July 21, 1979, dismissing John R. Blackledge from service in the State Police, is hereby affirmed.