543 A.2d 600

George W. Thomas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 4, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Michelle R. Terry, Delaware County Legal Assistance Association, Inc.,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, June 22, 1988:

George Thomas (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision finding him ineligible for compensation on account of willful misconduct and his unavailability for suitable work pursuant to Sections 402(e) and 401(d)(1) of the Unemployment Compensation Law (Law),[1] and assessing a fault overpayment under Section 804(a) of the Law, 43 P.S. §874(a).

Claimant had been employed by Wilgro Services, Inc. (employer) as a service mechanic when he was discharged for failing to maintain a valid driver's license, a requirement of his position, and for operating the employer's vehicle without a license. Claimant received compensation for several weeks until the Office of Employment Security (OES) determined that he had been discharged for fault and that his incarceration during the weeks at issue rendered him unavailable for suitable work. As noted, the OES assessed a fault overpayment and ordered recoupment of compensation.

Claimant appealed this decision and the matter was scheduled for a hearing before a referee on April 29, 1986. Notice of the hearing was mailed to claimant at the Delaware County Prison and, by letter dated April 23, 1986, claimant informed the referee that his incarceration precluded his attendance at the hearing. He requested a continuance and repeated such request by telephone call of the following day, then stating that he would not be released from prison until the end of the year. The referee denied claimant's request for a continuance, instead offering him the opportunity of testifying by telephone. The claimant refused such option, indicating that he wanted to face his employer at the hear-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§802(e), 801(d)(1).

ing. Following a hearing, attended solely by a representative of the employer, the referee issued a decision which affirmed the OES' denial of compensation and the assessment of a fault overpayment. The Board affirmed the referee's decision and this appeal followed.

Preliminarily, we note that this Court may overrule the judgment of a referee as to whether or not to grant a continuance only upon a clear showing of an abuse of discretion. *Viglino v. Unemployment Compensation Board of Review,* 105 Pa. Commonwealth Ct. 616, 525 A.2d 450 (1987). Moreover, a referee, in evaluating a request for a continuance, is guided by the regulation found at 34 Pa. Code §101.23(a) providing that the "[c]ontinuance of a hearing will be granted only for proper cause and upon the terms as the tribunal may consider proper."

Claimant now contends that the referee's refusal to continue the hearing despite his obvious inablility to attend was a denial of due process and an abuse of discretion. Moreover, claimant asserts he was doubly entitled to a continuance because he had refused to testify by telephone, citing our decision in *Knisley v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985). *Knisley,* of course, emphasizes the potential for procedural irregularities in telephonic hearings and requires that evidence obtained by telephone, over the objection of a participant, be stricken from the record.[2]

Parties to an unemployment compensation proceeding are entitled to notice and an opportunity to be heard prior to a final decision on benefits. *Pennsylvania*

---

[2] We do note the proviso in *Knisley* that telephonic testimony, admitted over objection, is suspect *until such time* as the Board promulgates regulations incorporating minimum procedural safeguards. We are not aware, nor have we been so advised, that such regulations have been promulgated at this time.

*Manufacturers' Association Insurance Company v. Unemployment Compensation Board of Review,* 111 Pa. Commonwealth Ct. 15, 533 A.2d 186 (1987); *Gadsden v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 375, 479 A.2d 74 (1984). The record reveals that claimant twice requested that the hearing be continued until his release from prison so that he might testify and cross-examine adverse witnesses. He also advised the referee that he would be released from prison at the end of the year but now indicates in his brief to this Court that he was actually released on October 22, 1986. Citing the remoteness of claimant's release from jail, the referee suggested that the hearing be conducted by telephone and, when claimant refused to do so, conducted the hearing in his absence.

There can be little doubt that proceedings of this nature should be held in a timely fashion so that the financial hardship of unemployment can be alleviated. The referee's concern for celerity in the instant matter, however, resulted in the abrogation of claimant's due process right to fully present his case. No party other than claimant was here prejudiced by the referee's refusal to grant a continuance. We can foresee no manner in which the interests of either the employer or the compensation authorities would have been compromised by continuing the hearing until petitioner's release from prison. Under such circumstances, we must conclude that a continuance was warranted and that the referee's denial of same amounted to an abuse of discretion.

The Board argues that the referee properly denied claimant's request for a continance because the fact of his incarceration cannot constitute "good cause" for the grant of same within the meaning of the pertinent regulation. It suggests as authority for this proposition our

decision in *Medina v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 323, 423 A.2d 469 (1980), wherein we held that a claimant who is incarcerated is unavailable for work, such that his absenteeism amounts to willful misconduct; we refused, *inter alia,* to hold that the claimant's incarceration amounted to good cause for his absenteeism.

The Board's reference to *Medina* in the instant matter is misplaced. While absenteeism as a result of incarceration may indeed constitute willful misconduct, it should not, *a fortiori,* comprise sufficient grounds to deny a claimant his constitutional right to attend an unemployment compensation hearing. Our rule is particularly apt where, as here, the delay would not be inordinately long and no prejudice has been shown by the non-requesting party or witnesses.

Accordingly, the order of the Board is vacated and the matter is remanded for a hearing so that the petitioner is afforded an opportunity to attend.

ORDER

AND NOW, this 22nd day of June, 1988, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.