564 A.2d 1022

**Judith M. SHEGAN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 11, 1989.

Decided Sept. 28, 1989.

Edward Van Stevenson, Jr., for petitioner.

James K. Bradley, Asst. Counsel, Pittsburgh, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Claimant, Judith M. Shegan, petitions for review of the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision denying her unemployment compensation benefits for voluntarily quitting her job pursuant to Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).[1] The issues before this Court are whether the referee abused his discretion and abrogated Claimant's due process right to a fair hearing in refusing to grant her request for a continuance or telephonic hearing; and if not, whether substantial evidence supported the Board's findings. The Board's order is vacated and this matter is remanded.

Claimant, a registered nurse, was employed part-time by Forbes Health System (Employer) from November 1, 1981 to August 25, 1988. Claimant contends that she was forced to resign her position while the Board maintains that she voluntarily quit her job without cause of a necessitous and compelling nature.

Regardless, after her separation from employment, Claimant applied for unemployment compensation benefits with the Office of Employment Security (OES) which determined her to be ineligible for benefits by virtue of Section 402(b) of the Law. Upon timely appeal, Claimant received

---

**1.** Section 402(b) of the Law states in relevant part:

An employe shall be ineligible for compensation for any week—

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, ...

notice that a hearing before a referee had been scheduled for October 27, 1988 to review OES' determination. On October 20th, Claimant contacted the referee's office staff seeking a postponement of the hearing since she would be searching for employment in Florida from October 25th to November 8th. Claimant indicated, however, that she would discuss with her attorney the possibility of testifying by telephone from Florida. Claimant's attorney then contacted the referee's office staff on October 21st, at which time he was informed that a telephonic hearing could be arranged, but which offer he declined as he intended to subpoena documents. C.R., Item No. 7, Referee Exh. Nos. 3, 4. Claimant's counsel was also informed on October 21st that the referee denied his request to postpone the October 27th hearing. C.R., Item No. 7, Referee Exh. No. 4; C.R., Item No. 8, Claimant's Exh. No. 1.

At the hearing, Claimant's attorney attempted to present Claimant's testimony by telephone, which attempt was rejected by the referee on the ground that a telephonic hearing had not been approved. Upon the referee's repeated refusal to allow Claimant's testimony by telephone, Claimant's attorney objected to continuation of the hearing and requested a new hearing date, which was denied by the referee. N.T., pp. 1–3.

 After the hearing, wherein Employer offered the only testimony, the referee affirmed OES' denial of benefits. Upon further appeal, the Board affirmed the referee's decision and Claimant petitioned this Court for review.[2]

Claimant contends that the referee abused his discretion and denied her a fair hearing in refusing to grant her a continuance or allow her to testify by telephone. In evalu-

---

**2.** This Court's scope of review is limited to determining whether the Board's necessary findings of fact were supported by substantial evidence, an error of law was committed, or Claimant's constitutional rights were violated. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Moreover, we may overrule a referee's judgment as to whether or not to grant a continuance only upon a clear showing of an abuse of discretion. *Thomas v. Unemployment Compensation Board of Review*, 117 Pa. Commonwealth Ct. 216, 543 A.2d 600 (1988).

ating requests for continuances, referees are guided by the regulatory provisions found at 34 Pa.Code § 101.23, which provide in pertinent part that:

(a) Continuance of a hearing will be granted only for proper cause and upon the terms as the tribunal may consider proper. . . .

(b) Within the discretion of the tribunal, a continuance will not, however, be granted merely because of the absence of a witness, unless it appears that the testimony and evidence he could give would be competent. and relevant to the issues involved and that the information is essential to a proper determination of the case.

Documentary evidence of record demonstrates that Claimant's attorney was denied a continuance, but was offered an opportunity to present Claimant's testimony by telephone, which offer he declined. Although the referee did not abuse his discretion in not allowing Claimant to testify by telephone at the hearing inasmuch as arrangements had not been made to conduct a telephonic hearing[3], the issue becomes whether the offer of a telephonic hearing at the time of these proceedings was a sufficient basis upon which to deny Claimant's request for a continuance in the first instance.

Parties to unemployment compensation proceedings are entitled not only to notice, but also an opportunity to be heard prior to a final decision. *Thomas v. Unemployment Compensation Board of Review*, 117 Pa. Commonwealth Ct. 216, 543 A.2d 600 (1988). Under the instant circumstances, an opportunity to present telephonic testimony in lieu of in-person testimony was not a sufficient basis upon which to deny Claimant's request for a continuance and did not satisfy Claimant's due process right to fully present her case.

---

**3.** N.T., p. 1. The referee's refusal to admit telephonic testimony cannot be faulted in light of the concerns expressed by this Court in *Knisley v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985) regarding the potential for procedural irregularities in telephonic hearings.

Questions had arisen as to potential procedural irregularities in telephonic hearings. In *Knisley v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 519, 501 A.2d 1180 (1985), this Court expressed such concerns and required that testimony telephonically obtained over the objection of a participant be stricken from the record until the Board promulgated regulations incorporating minimum procedural safeguards for telephonic hearings. *See also Thomas.* At the time of the hearing at issue, such regulations had not yet been promulgated.[4] In denying Claimant's initial request for a continuance, the referee, in effect, improperly compelled Claimant to either testify by telephone and assume the risk that such testimony might be stricken from the record or forego her right to testify. In view of the absence of regulations relating to telephonic testimony at the time of this hearing, concerns regarding telephonic hearings generally and Claimant's initial refusal to testify by telephone, we cannot find that an offer to conduct a telephonic hearing served as an adequate substitute for an in-person hearing so as to comport with Claimant's due process right to fully present her case.

■ Moreover, here, as in *Thomas*, where this Court found that a referee's concern for celerity violated a claimant's due process right to fully present his case, Claimant requested that the hearing be continued until she could be present to testify and only Claimant was prejudiced by denial of the continuance. Likewise, there is no evidence of record which suggests that a continuance of the hearing until Claimant's return on November 8th would have compromised the interests of the employer or the compensation authorities.

Because Claimant's request for a continuance was based upon proper cause[5] and her testimony would certainly be

4. The Board subsequently promulgated regulations relating to telephonic hearings, effective April 8, 1989. 34 Pa.Code §§ 101.121–101.126.

5. If we were to accept the Board's position that Claimant's search for employment did not constitute proper cause, we would penalize the

relevant in establishing the circumstances of her separation from employment as well as essential to a proper determination of this case, the referee clearly abused his discretion in denying Claimant a continuance for the purpose of allowing her to attend the hearing and present testimony. Accordingly, the order of the Board is vacated and this matter is remanded for a new hearing to afford Claimant an opportunity to attend and present testimony.[6]

## ORDER

AND NOW, this 28th day of September, 1989, the order of the Unemployment Compensation Board of Review is vacated and this matter is remanded for a new hearing to afford Judith M. Shegan an opportunity to attend and present testimony.

Jurisdiction relinquished.

unemployed who are actively seeking re-employment. Such a result would be contrary to the goal of stabilizing employment through promotion of the re-employment of unemployed workers. *See* Section 205 of the Law, 43 P.S. § 765.

**6.** Obviously, we cannot now determine whether or not the Board's findings were supported by substantial evidence due to the state of the record before us.