# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzerne County Children
and Youth Services,
               Petitioner

               v.

Department of Human Services,
               Respondent

: **CASE SEALED**
:
:
:
:
: No. 444 C.D. 2018
: SUBMITTED: December 13, 2018
:
:
:

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: January 28, 2019**

Luzerne County Children and Youth Services (Agency) petitions for review from a determination of the Department of Human Services, Bureau of Hearings and Appeals (Bureau) to sustain the appeal of R.C-R. (Mother) to expunge the Agency's records of reports naming her as a perpetrator of child abuse against her biological son, D.R. (D.R. or Child). We reverse and remand.

A child abuse expunction hearing was held on January 18, 2018, at which the Agency appeared. Mother did not attend. Child was unavailable to testify because the Agency deemed appearing and testifying to be harmful and detrimental to him.

The Agency subpoenaed three witnesses to testify at the hearing, two of whom—the investigating officer and D.R.'s child therapist—failed to appear. On the day of the hearing, the Agency moved for a continuance and to keep the record open to obtain the testimony of the two absent witnesses. The Agency asserted that the absent witnesses were indispensable to its case. Because the Agency would not

have Child testify, the child therapist's testimony was key to the Agency's case as corroborative evidence of Child's out-of-court statements concerning the abuse to an Agency caseworker. *See A.Y. v. Dep't of Pub. Welfare*, 641 A.2d 1148 (Pa. 1994) (finding generally that uncorroborated hearsay cannot satisfy an agency's burden).

The Agency explained that the child therapist was absent because "I believe there is a family member, a child of her's [sic] that may have had surgery that she is in the process of taking care of and will not be able to make it today." (Notes of Testimony "N.T." 47; Reproduced Record "R.R." at 47.) As for the investigating officer, the Agency explained "I was given a phone call this morning that [he] woke up violently ill, and will not be able to attend today." (N.T. 11-12; R.R. at 46-47.) The Administrative Law Judge (ALJ) offered the Agency the opportunity to have the investigating officer and child therapist testify by telephone. After a brief off-the-record discussion, the Agency's counsel stated that he believed the witnesses could not testify telephonically. (N.T. 14-15; R.R. at 49-50.)

Ultimately, the ALJ took the continuance request under advisement and denied it for lack of good cause in his adjudication. (R.R. at 13.) The ALJ found that because the record lacked any non-hearsay evidence of the alleged abuse, the Agency could not meet its burden and recommended that the appeal be sustained. (R.R. at 14.) The Bureau adopted the recommended adjudication in its entirety. (R.R. at 2.) The Agency petitioned for review by this Court.

On appeal, the Agency raises one issue: whether the Bureau abused its discretion in denying the Agency's motion for a continuance? The Agency's position is that it was prejudiced because it could not corroborate Child's out-of-court statements without the witnesses it needed to testify. We agree.

Section 31.15 of the General Rules of Administrative Practice and Procedure (GRAPP) provides the rule governing continuances, which provides in pertinent part:

§ 31.15. Extensions of time

. . . .

(b) Except as otherwise provided by law, requests for continuance of hearings or for extension of time in which to perform an act required or allowed to be done at or within a specified time by these rules or a regulation or order of an agency, shall be by motion in writing, timely filed with the agency, stating the facts on which the application rests, except that during the course of a hearing in a proceeding, the requests may be made by oral motion in the hearing before the agency head or the presiding officer.

1 Pa. Code § 31.15(b). The rule governing powers delegated to presiding officers provides in pertinent part:

Presiding officers designated by the agency head to preside at hearings shall have the authority, within the powers and subject to the regulations of the agency, as follows:

(1) To regulate the course of hearings, including the scheduling thereof, subject to the approval of the agency head, and the recessing, reconvening, and the adjournment thereof, unless otherwise provided by the agency head, as provided in § 35.102(b) (relating to hearing calendar).

. . . .

(10) To take other action necessary or appropriate to the discharge of the duties vested in them, consistent with the statutory or other authorities under which the agency functions and with the regulations and policies of the agency.

1 Pa. Code § 35.187.[1]

        The grant or refusal of a continuance rests in the discretion of the court or administrative agency to which the application is made, and its exercise of this discretion will not be reviewed except in clear cases of abuse of discretion. *Blackledge v. Pa. State Police*, 435 A.2d 309, 311 (Pa. Cmwlth. 1981); *Cotter v. State Civil Serv. Comm'n*, 297 A.2d 176, 178 (Pa. Cmwlth. 1972). An abuse of discretion occurs if, in reaching a conclusion, the law is overridden or misapplied or

---

[1] Although not referenced or applied by the ALJ, in its brief (Bureau's Brief at 8-9) the Bureau cites a "standing practice order" providing as follows:

> RULE 20: Continuances Requested by Parties
>
>    . . . .
>
> (b) Continuances will be granted only if the contents of the motion demonstrate good cause for changing the date or time for the scheduled administrative hearing and absent substantial prejudice to the opposing party.
>
>    . . . .
>
> RULE 27: Continuances
>
> In Child Abuse Expunction appeals, a party desiring a continuance must submit a motion for same as part of the Unified Pre-Hearing Filing. In Child Abuse Expunction appeals, if you desire to file a motion for continuance after you submit the Unified Pre-Hearing Filing, use the attached Motion for Continuance of Hearing form and file the request as soon as practicable.

Bureau Standing Practice Order of Jan. 2, 2018, Order No. SPO-Rev-0305, Rules 20(b) and 27, http://www.dhs.pa.gov/cs/groups/webcontent/documents/form/s_002109.pdf (last visited Jan. 14, 2019).

The Bureau does not suggest that the absence of a form is a defect.

the judgment exercised is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 713 (Pa. Cmwlth. 2013).[2] To determine whether an abuse of discretion occurred, the reviewing court must examine the circumstances surrounding the denial of the continuance request. *Skowronek v. Unemployment Comp. Bd. of Review*, 921 A.2d 555, 558 (Pa. Cmwlth. 2007).

In considering the surrounding circumstances, we have looked at the purpose of the underlying statute as it relates to the reason for the continuance request. In *Shegan v. Unemployment Compensation Board of Review*, 564 A.2d 1022 (Pa. Cmwlth. 1989), this Court held that an unemployment compensation referee should have granted a continuance to allow the claimant to attend a job interview out of state. The referee's denial resulted in the claimant's inability to attend the hearing and present testimony. We emphasized that the request for a continuance was "based upon proper cause," as it would be contrary to the goals of the unemployment compensation law to "penalize the unemployed who are actively seeking re-employment." *Id.* at 1025 n.5.

The Agency's interest in maintaining records of the type Mother seeks to be expunged is detailed in Section 6302 of the Child Protective Services Law (Law), which states in pertinent part:

> (a) Findings.—Abused children are in urgent need of an effective child protective service to prevent them from suffering further injury and impairment.
>
> (b) Purpose.—It is the purpose of this chapter to encourage more complete reporting of suspected child abuse; to the extent permitted by this chapter, to involve law enforcement agencies in responding to child abuse; and to

---

[2] While the availability of a continuance in unemployment compensation hearings is covered by a regulation specific to those proceedings, *see* 34 Pa. Code § 101.23, there is no good reason why the paradigm for analyzing abuse of discretion should differ in this case.

5

establish in each county protective services for the purpose of investigating the reports swiftly and competently, providing protection for children from further abuse and providing rehabilitative services for children and parents involved so as to ensure the child's well-being and to preserve, stabilize and protect the integrity of family life wherever appropriate or to provide another alternative permanent family when the unity of the family cannot be maintained. It is also the purpose of this chapter to ensure that each county children and youth agency establish a program of protective services with procedures to assess risk of harm to a child and with the capabilities to respond adequately to meet the needs of the family and child who may be at risk and to prioritize the response and services to children most at risk.

23 Pa. C.S. § 6302. The purposes of the regulations promulgated under the Law are as follows:

> (1) Protect abused children from further abuse.
>
> (2) Preserve and stabilize families.
>
> (3) Implement the [Law].
>
> (4) Involve law enforcement agencies in responding to child abuse.
>
> (5) Prioritize the response and services to children most at risk.
>
> (6) Encourage more complete reporting of suspected child abuse.

55 Pa. Code § 3490.2.

The Pennsylvania Supreme Court has recognized that the Commonwealth's interests in preventing child abuse and protecting abused children from further injury is fostered by maintenance of records of perpetrators of child abuse. The government's interest in addressing the urgent need of abused children

6

for protection from further injury and impairment encompasses both the child who was actually abused by the perpetrator and any children who may potentially be abused by the perpetrator. *G.V. v. Dep't of Pub. Welfare*, 91 A.3d 667, 673-74 (Pa. 2014). It should be noted that the Agency does not represent an abstract bureaucratic interest in expunction proceedings, but the interests of children who have been abused or are potentially subject to abuse. *Support Ctr. for Child Advocates v. Dep't of Human Servs.*, 189 A.3d 497 (Pa. Cmwlth. 2018) (stating that a guardian ad litem was not needed at a hearing because an agency represents the interests of children: "the interests of the children were the same as that of Children and Youth—to have the report of child abuse maintained").

In the instant case, the testimony credited by the ALJ on the basis of the testimony of the Agency's caseworker and documentary evidence include that Child was ten years old at the time of the hearing; R.C-R., is the child's mother; in February 2017, the Agency received a referral alleging that Mother sexually abused Child by forcing him to watch pornographic videos; in February 2017, the Agency received a separate referral alleging Mother inflicted serious mental injury through terrorizing Child; the Agency investigated, met with the family, and scheduled a Child Advocacy Center (CAC) interview; the child therapist told the Agency caseworker that Child was diagnosed with post-traumatic stress disorder, bipolar disorder, and oppositional defiance disorder, among other mental health diagnoses; the child therapist told the Agency caseworker that Mother would lock Child in the basement or outside for long periods, would slap him on the penis, and would tie him to a chair as forms of discipline; Child disclosed that Mother made him watch pornography; Child disclosed that Mother made him watch while she and her paramour had sex; Child disclosed that Mother would withhold food from him and make him vomit as a punishment if he ate something he was not permitted to eat; the Agency caseworker was present for the CAC interview; the Agency caseworker testified that previous

7

and subsequent discussions with Child were consistent with his description of the abuse; and Child had been hospitalized several times for self-harming behavior and mental health issues. (Adjudication, Findings of Fact "F.F." 1-3, 5-15; R.R. at 5-6.) Although the ALJ specifically found the testimony of the Agency caseworker credible, as noted he unfortunately correctly determined that without corroboration he could not rely on that evidence to base findings of fact.

The Court believes that the decision to deny a continuance that would have allowed the Agency an opportunity to enforce its subpoenas and bring forth its corroborating witnesses was both unreasonable and a misapplication of the Law, and was thus an abuse of discretion. Given the reasons offered for the absence of the witnesses; the lack of any evidence of harm which would have resulted from granting the continuance; the gravity of the testimony of the Agency caseworker whom the ALJ found to be credible; the seriousness of the harm allegedly suffered by Child; and the need to protect him from further abuse, the ALJ should have granted the continuance and kept the record open in order to comply with the purpose of the Law and regulations.[3]

In light of the foregoing, we reverse and remand for proceedings in conformity with this opinion.

 

 

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[3] While it is easy to imagine circumstances where an agency might rightly be denied a continuance, this case does not present such circumstances.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzerne County Children
and Youth Services,
                  Petitioner

           v.

Department of Human Services,
                  Respondent

: **CASE SEALED**
:
:
:
:
: No. 444 C.D. 2018
:
:
:

## O R D E R

AND NOW, this 28th day of January, 2019, the Adjudication of the Department of Human Services, Bureau of Hearings and Appeals is **REVERSED**, and this matter is **REMANDED** with direction that the hearing officer reopen the record and thereafter issue a new adjudication. Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge