IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mason R. Holbrook and                  :
Diane L. Holbrook, his wife,           :
                                       :
                    Appellants         :
                                       :
        v.                             :  No. 372 C.D. 2021
                                       :  Submitted: November 5, 2021
Pennsylvania Department of             :
Transportation                        :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  April 28, 2022


        Mason R. Holbrook (Husband) and Diane L. Holbrook (Wife) (collectively, Plaintiffs) appeal the order of the Beaver County Court of Common Pleas (trial court) sustaining the Preliminary Objections (POs) of the Pennsylvania Department of Transportation (PennDOT/Defendant) in the nature of a demurrer and dismissing Plaintiffs' Complaint.  We affirm.

        On September 29, 2018, at approximately 10:30 p.m., Husband was walking along Pennsylvania Route 68 in Bridgewater Township, Beaver County, in a northerly direction.  Complaint ¶5, Original Record (OR) at 7.[1]  Husband fell into an exposed grate that purportedly had been allowed to exist in a dangerous condition,

_____

[1] Because the Original Record was filed electronically and was not paginated, the page numbers referenced in this memorandum opinion reflect electronic pagination.

causing Husband serious injury. Complaint ¶6; OR at 7. At all relevant times, PennDOT was primarily and/or secondarily responsible to maintain the grate properly, adequately, and safely. Complaint ¶¶7, 8; OR at 7. The grate's dangerous condition existed for a sufficient period so that PennDOT had actual and/or constructive notice of its dangerous condition. Complaint ¶9; OR at 7.

Based on PennDOT's alleged negligence, Husband suffered a left foot metatarsal fracture; a fractured distal shaft of the second metatarsal; and left foot sprain/strain. Complaint ¶12; OR at 8-9. As a result of these injuries, Husband suffered pain, mental anguish, and embarrassment; is unable to enjoy the ordinary pleasures of life; has had to undergo medical treatment; has incurred bills for medical treatment; and has been unable to perform his normal daily activities. Complaint ¶13; OR at 9. Additionally, Wife has been deprived of Husband's services and incurred medical bills for Husband's necessary medical treatment. Complaint ¶14; OR at 9-10.[2]

Accordingly, on September 3, 2020, Plaintiffs filed the Complaint against PennDOT seeking damages and judgment in their favor. Complaint at 1-9; OR at 4-12. On September 22, 2020, Deputy Joshua Long of the Sheriff's Office of Dauphin County served the Complaint on Tiffany Ramsey for PennDOT at the Keystone Building, 400 North Street, Harrisburg. *Id.* at 15. On October 6, 2020, Tony Guy, Sheriff of Beaver County, deputized the Sheriff of Dauphin County to serve the Complaint, and obtained the Sheriff's Return of Service on PennDOT from Dauphin County, and filed the Return of Service in the trial court. *Id.* at 14.

---

[2] The negligence and loss of consortium causes of action have a two-year statute of limitations. *See, e.g.*, *Sullivan v. Haywood* (Pa. Super., No. 2043 MDA 2013, filed March 16, 2015), slip op. at 7 ("Pursuant to [Section 5524 of the Judicial Code,] 42 Pa. C.S. §5524, the statute of limitations applicable to negligence and loss of consortium claims is two years from the date of the injury. Once the statute of limitations has run, the injured party is barred from suing.").

2

On October 14, 2020, Sandra Kozlowski, Deputy Attorney General (Defendant's Counsel), sent Plaintiffs' Counsel an e-mail stating, in relevant part:

> I represent PennDOT in the above matter which was recently received by this office. At present, I have not received any documentation from PennDOT relative to your clients' claims. I have also not received any of the service documentation. While I believe that PennDOT was served as this case was referred to our office, I don't have any indication that the Office of Attorney General [(OAG)] was served in this matter.
>
> Please understand that the Commonwealth is not waiving the requirements of 37 Pa. Code §111.1[3] for original

---

[3] Section 111.1(a), (b), and (d)(2) states, in pertinent part:

(a) Service of process on Commonwealth agencies in actions brought under 42 Pa. C.S. §§8501-8564 (relating to matters affecting government units) shall be made at the principal office of the defendant agency as set forth in subsection (b) . . . . ***Service of process shall also be made at the principal [OAG] as set forth in subsection (b), and at the [regional OAG] as set forth in subsection (d).***

(b) The addresses of the principal offices designated to accept service of an agency are as follows:

\* \* \*

[*OAG*] Torts Litigation Unit 15th Floor, Strawberry Square, Harrisburg, Pennsylvania 17120

\* \* \*

[*PennDOT*] Office of Chief Counsel 9th Floor, Commonwealth Keystone Building 400 North Street, Harrisburg, Pennsylvania 17120-0041

\* \* \*

**(Footnote continued on next page…)**

3

> service of process. I would sign an Acceptance of Service on behalf of the OAG with the understanding that PennDOT would have 20 days from the date of the Acceptance to file a responsive pleading. Please let me know how you would like to proceed.

OR at 50. The following day, Plaintiffs' Counsel e-mailed Defendant's Counsel proof of service of the Complaint on PennDOT at PennDOT's principal office. *Id.* at 55.

On December 10, 2020, Plaintiffs filed and served on Defendant's Counsel a Notice of Service of Interrogatories, Request for Production of Documents, and Request for Admissions Directed to Defendant. OR at 20-23. On December 21, 2020, Defendant's Counsel sent Plaintiffs' Counsel an e-mail stating, in relevant part:

> I received the message from the [trial court j]udge. I would be happy to call her back this afternoon or

---

> (d) The [OAG] designated for service of process only in actions where venue is located in the following counties is as follows:
>
> * * *
>
> (2) . . . Beaver . . . –Torts Litigation Unit, 4th Floor, Manor Building, 564 Forbes Avenue, Pittsburgh, Pennsylvania 15219.

37 Pa. Code §111.1(a), (b), (d)(2) (emphasis added). *See also* Pa. Const. art. I, §11 ("Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."); Section 8523(b) of the Judicial Code, 42 Pa. C.S. §8523(b) ("Service of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at the [OAG]."); Pa.R.Civ.P. 400(a) (Absent limited exceptions, "original process shall be served within the Commonwealth only by the sheriff."); Pa.R.Civ.P. 422(a) ("Service of process upon the Commonwealth . . . or a department . . . shall be made at the office of the defendant and the [OAG] by handing a copy to the person in charge thereof."); *Reaves v. Knauer*, 979 A.2d 404, 410 (Pa. Cmwlth. 2009) ("[The] failure to serve a copy of the complaint on the Attorney General cannot be excused. This omission renders [the p]laintiff's service defective and deprived the trial court of jurisdiction over [the defendants].") (citation omitted).

tomorrow when you are available. First, my appearance is not entered because proper service has not been made pursuant to statute. In my e-mail of October 14, 2020, I identified the service defect and gave you the [regulation], 37 Pa. Code §111.1. You responded by sending me service documents only demonstrating that PennDOT had been served. That is not sufficient service under the [regulation]. The [OAG] MUST be served in addition to the state agency. In my October 14, 2020 e-mail I made the offer of signing an Acceptance of Service on behalf of the OAG, thereby saving you and your client the expense of service by Sheriff.

If you are not willing to correct the defect, then I will file POs. The Law is very clear that the [trial c]ourt does not have jurisdiction over the matter until the service requirements are met under the statute.

OR at 51 (emphasis in original).

That same day, an employee in Plaintiffs' Counsel's office sent an e-mail to Deputy Attorney General Kozlowski stating, in relevant part:

I am writing on behalf of [Plaintiffs' Counsel] relative to the above case. We apologize for missing the e[-]mail regarding proper service of the OAG. I have attached here an Acceptance of Service if you are still willing to sign on behalf of the OAG pursuant to your original e[-]mail.

OR at 52.

Ultimately, on January 5, 2021, PennDOT filed POs alleging, *inter alia*, a lack of *in personam* jurisdiction based on Plaintiffs' failure to properly serve the OAG. *See* OR at 28-29. On March 15, 2021, following argument, the trial court issued an order sustaining the POs and dismissing Plaintiffs' Complaint. *See id.* at 100. Plaintiffs then filed the instant timely appeal of the trial court's order, asserting that the trial court erred in sustaining the POs and dismissing their Complaint because: (1) Defendant's Counsel had agreed in writing to accept late service of process, but reneged on the agreement and violated her duty of fairness by filing the

5

POs; and (2) they acted in good faith by twice attempting service of process upon the OAG, the OAG had sufficient notice that the Complaint was filed against PennDOT, and the OAG and PennDOT were not prejudiced because substantive rights were not affected by the defective service of process.

However, upon review,[4] we have determined that this matter was ably disposed of in the comprehensive and well-reasoned Memorandum Opinion of the Honorable Laura J. Tocci. Accordingly, we affirm the trial court's order on the basis of the opinion in *Holbrook v. Pennsylvania Department of Transportation* (C.P. Beaver, Case No. 10906-2020, filed March 15, 2021).

MICHAEL H. WOJCIK, Judge

---

[4] "Where a trial court dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion." *Kittrell v. Watson*, 88 A.3d 1091, 1095 (Pa. Cmwlth. 2014). Additionally, "'[w]hether a court may disregard a litigant's defective service of process [. . .] is vested within the sound discretion of that court.' *Konya v. District Attorney of Northampton County*, [669 A.2d 890, 892 (Pa. 1995)]. We will not overturn a trial court's rigid application of procedural rules unless the trial court abused its discretion. *Id.*" *Miller v. Klink*, 871 A.2d 331, 337 (Pa. Cmwlth. 2005). *See also Luzerne County Children & Youth Services v. Department of Human Services*, 203 A.3d 396, 398 (Pa. Cmwlth. 2019) ("An abuse of discretion occurs if, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will.") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mason R. Holbrook and       :
Diane L. Holbrook, his wife,   :
                         :
              Appellants  :
                         :
          v.             :  No. 372 C.D. 2021
                         :
Pennsylvania Department of   :
Transportation             :

# **O R D E R**

AND NOW, this 28th day of April, 2022, the Order of the Beaver County Court of Common Pleas dated March 15, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA

MASON R. HOLBROOK and
DIANE L. HOLBROOK, his wife,
        Plaintiffs,

  vs.

PENNSYLVANIA DEPARTMENT
OF TRANSPORTATION,
        Defendant.

:
:
:
:
:
:
:
:
:
:

CIVIL DIVISION – LAW

Case No.: 10906-2020

2021 MAR 15 PM 4:00   FILED OR ISSUED   MICHAEL ROSSI PROTHONOTARY BEAVER COUNTY, PA

## **MEMORANDUM OPINION**

Mason R. Holbrook and his wife, Diane L. Holbrook (hereinafter "Plaintiffs"), initiated this civil action against the Pennsylvania Department of Transportation (hereinafter "PennDot") alleging that on September 29, 2018, Plaintiff Mason was injured due to Defendant's negligent maintenance of a grate located on Route 66, Bridgewater, PA. PennDot's negligence is allegedly the cause of Plaintiffs' injuries after the condition of the grate caused him to fall and suffer injuries, along with those damages claimed by his wife arising from the same. Plaintiffs' Complaint includes two causes of action: Count I – Plaintiff Mason alleges Negligence against Defendant; and Count II – Plaintiff Diane alleges Loss of Consortium against Defendant. Plaintiffs demand judgment against Defendant seeking damages in an amount beyond the local arbitration limits.

Plaintiffs commenced this action by filing a Complaint on September 3, 2020, within the two-year statute of limitations. Service was properly effectuated on PennDot by Deputy Joshua M. Long on September 22, 2020. However, regarding service to the Office of the Attorney General (hereinafter "OAG"), Sandra A. Kozlowski, Esq. sent Plaintiff's Counsel an e-mail on October 14, 2020 notifying them of a service defect under



1

37 Pa. Code § 111.1. The e-mail also included a provisional offer to accept service on behalf of the Pennsylvania OAG.[1] In whole, the e-mail stated:

> I represent PennDOT in the above matter which was recently received by this office. At present, I have not received any documentation from PennDOT relative to your client's claims. I have also not received any of the service documentation. While I believe that PennDOT was served as this case was referred to our office, I don't have any indication that the Office of the Attorney General was served in this matter.
>
> Please understand that the Commonwealth is not waiving the requirements of 37 PA. Code § 111.1 for original service of process. I would sign an Acceptance of Service on behalf of the OAG with the understanding that PennDOT would have 20 days from the date of the Acceptance to file a responsive pleading. Please let me know you would like to proceed.[2]

On October 15, 2020, Plaintiff's Counsel sent a responsive e-mail which stated, in its entirety, "[S]ervice and our letter sent on 11-15-18. Thanks."[3] The e-mail also included two attachments: the Sheriff's Return of Service to PennDot and a letter sent to PennDot, dated November 15, 2018. [4] The letter sent to PennDot was referred to by Plaintiff's Counsel as formal notice under 42 Pa. C.S.A § 5522 of their intent to commence a possible action against PennDot.[5] No letter was submitted to the OAG under the requirements of 42 Pa. C.S.A § 5522.

Defendant filed Preliminary Objections and a Brief in Support of the same on January 5, 2021 in accordance with 231 Pa. Code § 1028(a)(1). This Court heard

---

[1] *Preliminary Objections of Defendant*, Exhibit A.
[2] *Preliminary Objections of Defendant*, Exhibit A.
[3] *Preliminary Objections of Defendant*, Exhibit B.
[4] *Preliminary Objections of Defendant*, Exhibit B.
[5] *Preliminary Objections of Defendant*, Exhibit B.

2

arguments in support of, and in opposition to, Defendant's Preliminary Objections on February 10, 2021 and the Court's decision is explained in the following analysis.

## ISSUE

The sole issue before the Court is whether in personam jurisdiction over Defendant has been established by proper service of process by Plaintiff or whether Plaintiff failed to properly serve Defendant, eliminating this Court's in personam jurisdiction over Defendant.

## STANDARD OF REVIEW

In *Bower v. Bower*, 531 Pa. 54, 57, 611 A.2d 181, 182 (1992) (citations omitted), the Pennsylvania Supreme Court addressed the standard for addressing preliminary objections in the nature of a demurrer as follows:

> Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Baker v. Brennan*, 419 Pa. 222, 225, 213 A.2d 362, 364 (1965). The test on preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 835 (1976).

In addressing this type of preliminary objection, the trial court must accept, as true, all of the well-pleaded facts, along with any reasonable inferences that may arise therefrom. *Id.* In order for a trial court to sustain such preliminary objections, it must appear with certainty that the law will not allow recovery. *East Lampeter Twp. v. County of Lancaster*, 696 A.2d 884, 886 (Pa. Cmwlth. 1987). "If doubt exists concerning whether the demurrer should be sustained, then 'this doubt should be resolved in favor of overruling it.'" *Bruno v. Erie Insurance Co.*, 106 A.3d 48, 56 (Pa. 2014), quoting *Bilt-Rite*

3

*v. The Architectural Studio,* 866 A.2d 270, 274 (Pa. 2005). These principles govern analysis of defendants' preliminary objections in the form of a demurrer.

## LEGAL ANALYSIS

Under both statute and court rule, a party that is serving process on any Commonwealth party is directed to also serve it on the OAG. *42 Pa.C.S. §8523(b)* and *Pa.R.C.P. 422(a).* Specifically, 37 Pa. Code § 111.1 provides that "Service of process on Commonwealth agencies ... shall be made at the principal office of the defendant agency as set forth in subsection (b) ... Service of process shall also be made at the principal office of the Attorney General as set forth in subsection (b), and at the Office of Attorney General as set forth in subsection (d)." *37 Pa. Code. § 111.1(a).* "The office of the Attorney General designated for service of process only in actions where venue is located in the following counties is as follows: ... Beaver – Torts Litigation Unit, 4th Floor, Manor Building, 564 Forbes Avenue, Pittsburgh, Pennsylvania 15219." *37 Pa. Code. § 111.1(d)(2).*

The overarching rule hinges on the firm notion that "shall" refers to an act that is mandatory. *See Coretsky v. Bd. of Commissioners,* 520 Pa. 513, 518, 555 A.2d 72, 74 (1989) (opining that "by definition, 'shall' is mandatory"). The relevant portion of § 37 Pa. Code § 111.1 states that "[S]ervice of Process on Commonwealth agencies ... shall be made ..." Applying the established interpretation, this Court deems service upon **both** the principal OAG **and** the office designated within Beaver County is mandatory for this Court to have in personam jurisdiction over Defendant.

Plaintiffs commenced this action on September 3, 2020. Shortly thereafter, Plaintiffs served PennDot on September 22, 2020. Pursuant to 37 Pa.

4

Code § 111.1, the OAG was also required to be served. While Plaintiffs argue that, during their e-mail exchange, Counsel for Defendant agreed to accept service on behalf of the OAG with no deadline,[6] Counsel for Defendant states clearly that the OAG was not served and that Defendants were not waiving § 111.1 and the requirements of service.[7] Rather, Counsel for Defendant would sign an Acceptance of Service on behalf of the OAG if an extension to file a responsive pleading was provided.[8] Counsel for Plaintiff never responded to that stipulation and never effected service.

Despite other correspondences between the parties' Counsel, on December 21, 2020, after a case management conference, Plaintiffs' Counsel e-mailed Defendant's Counsel apologizing for missing the e-mail regarding proper service of the OAG and attached an Acceptance of Service if Defendant's Counsel was still willing to sign on behalf of the OAG.[9] The Acceptance of Service was never signed on Defendant's behalf. Shortly thereafter, Defendant filed Preliminary Objections raising the issue of improper service due to lack of personal jurisdiction.[10]

In addition to the requirements of service in regards to where and to whom, there is also a requirement for the timing. Original process shall be served

---

[6] *Plaintiff's Response to Preliminary Objections of Defendant*, ¶ 4.

[7] *Preliminary Objections of Defendant*, Exhibit B.

[8] *Preliminary Objections of Defendant*, Exhibit B.

[9] *Plaintiff's Response to Preliminary Objections of Defendant*, Exhibit D.

[10]The Court is deciding this matter pursuant to 1028(a)(1) and not to the statute of limitations which is implicated. It should be noted that the Plaintiff did not file preliminary objections to the preliminary objections as would be procedural requirement on that issue.. *Farinacci v. Beaver Cty. Indus. Dev. Auth.*, 510 Pa. 589, 511 A.2d 757 (1986).

within the Commonwealth within thirty (30) days after the issuance of the writ or the filing of the Complaint. *Pa. R.C.P. No. 401.*

Pursuant to Pa. R.C.P. No. 401, the deadline for service upon PennDot and the OAG was October 3, 2020. The Plaintiff has the burden to show that a good faith effort was made to effectuate service on the OAG. *Leidich v. Franklin*, 394 Pa. Super. 302, 575 A.2d 914 (1990). During oral argument, Counsel for Plaintiff merely stated that they *"believed* they made a good faith effort to effectuate service." They followed this by stating that they could have reissued the complaint and served it via sheriff, but in their minds, they *thought* that they had an agreement. The fact of the matter is that mere belief and thought is not good enough. *See Farinacci* at 597 (dismissing Plaintiffs action due to failing to provide an explanation for counsel's inadvertence which could substantiate a finding that Plaintiff made a good faith effort to effectuate service). The OAG was not served at all, let alone within the required timeframe. Further, the complaint was never reinstated by the Plaintiff after the original filing on September 3, 2020. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out is enough to constitute a lack of good faith on the part of the plaintiff. *Rosenberg v. Nicholson*, 408 Pa. Super. 502, 597 A.2d 145 (1991).

The only time a court may give a plaintiff the opportunity to cure the defect is where there is no prejudice suffered by the opposing party. *Saleem v. Department of Corrections*, 238 A.3d 544 (2020). The court has held that where the OAG does not receive actual notice of the lawsuit, the Defendant would have been prejudiced if Plaintiff was allowed to commence the action after the Statute of Limitations has expired. *Rosenberg* at 507; *Compare McCreesh v. City of*

6

*Philadelphia,* 585 Pa. 211, 888 A.2d 664 (2005) (finding that Defendant was not prejudiced due to the fact that it had actual notice of the litigation by means of a copy of a Writ prior to the expiration of both the Statute of Limitations and the 30-day period of service).

PennDot argues that to permit service at this time would be prejudicial and the court agrees. The law provides the Defendant with the opportunity to be represented by the OAG. *See Reaves v. Knauer,* 979 A.2d 404 (Pa. Commw. Ct. 2009) (opining that in actions against Commonwealth parties, defendants "are entitled to representation by the Attorney General"). Without proper and timely service to the OAG, the defendant is stripped of a fundamental right to representation. The Plaintiff had a reasonable amount of time to cure the defect of service. Even after Defendant's Counsel gave Plaintiff's Counsel a way to cure the defect by signing an Acceptance of Service on behalf of the OAG, the Plaintiff failed to do so. Such a failure to serve the Attorney General constitutes a fatal defect. *See Kreidie v. Department of Revenue,* 156 A.3d 380 (Pa. Cmwlth. 2017) (stating that such a failure "cannot be overlooked," "cannot be excused," and "cannot be waived," and therefore constitutes a "fatal defect appearing on the face of the record"). Thus, the court concludes that since the statute has expired and Plaintiff has failed to effectuate proper and timely service to the OAG Plaintiff's action shall be dismissed.

7

# CONCLUSION

Based on the foregoing analysis, the Court makes the following conclusions:

1.  Plaintiff failed to effectuate original service of process upon the Office of the Attorney General **and** at the OAG designated for service of process where venue is location within Beaver County as per 37 Pa. Code § 111;

2.  Plaintiff did not satisfy 37 Pa. Code § 111.1 and the Court lacks in personam jurisdiction;

3.  Service of process must be made within thirty (30) days of the filing of the Complaint as per Pa. R.C.P. No. 422;

4.  Proper service has not been made and the statute has run; and

Therefore, Defendants preliminary objections in the nature of a demurrer per Rule 1028(a)(1) is hereby **sustained** and Plaintiffs' Complaint is dismissed.

An Order consistent with the terms of this Memorandum Opinion will be issued this same date.

8

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA

MASON R. HOLBROOK and
DIANE L. HOLBROOK, his wife,
          Plaintiffs,

vs.

PENNSYLVANIA DEPARTMENT
OF TRANSPORTATION,
          Defendant.

:
:
:
:
:
:
:
:
:
:

CIVIL DIVISION – LAW

Case No.: 10906 of 2020

## ORDER

AND NOW, this ___15___ day of March, 2021, upon consideration of the preliminary objections filed on behalf of Defendant PennDOT on January 5, 2021, along with the briefs filed by the parties in support of, and in opposition to, said preliminary objections, coupled with the arguments of counsel before the Court conducted on February 10, 2021, it is HEREBY ORDERED and DECREED that Defendant's preliminary objection is **SUSTAINED**.

BY THE COURT:



2021 MAR 15 P
LAURA J. TOECT
JUDGE

J.

BEAVER COUNTY, PA
PROTHONOTARY
MICHAEL ROSSI
2021 MAR 15 PM 4:00
FILED OR ISSUED